UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 06-20710-CIV-HUCK/O'SULLIVAN

LEONARDO LOPEZ,
JIMA IBEROAMERICA, S.A.,
    Plaintiffs,
v.

RICA FOODS, INC.,
    Defendant.
_____/

CLOSED CIVIL CASE

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss, filed July 29, 2008 (D.E. #127). In its Motion, Defendant argues that Plaintiffs' Third Amended Complaint ("TAC"): (1) fails to state a claim upon which relief can be granted; (2) asserts claims that should be dismissed in favor of a more appropriate Costa Rican forum; and (3) fails to join an indispensable party to this action. The Court has considered all of the arguments made by Plaintiffs and Defendant in their legal memoranda and at the oral argument held on October 2, 2008. For the reasons stated below, Defendant's Motion is granted on *forum non conveniens* grounds.

I.      FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs, Leonardo Lopez and Jima Iberoamerican, S.A., are Costa Rican citizens who have brought this action against Defendant, Rica Foods, Inc. ("Rica"), alleging fraudulent and negligent misrepresentation under Florida law. These claims stem from numerous promises which were allegedly made to arrange for a private placement of Rica stock owned by Lopez. Plaintiffs allege that the first of these conversations took place between Calixto Chaves Zamora ("Chaves"), then-president of Rica, and Lopez on February 9, 2001 during a stop-over at the Miami airport. Chaves and Lopez were headed to the Bahamas. This is the only such conversation identified as having taken place in Florida.

---

[1]At the motion to dismiss stage, the Court accepts all well-pleaded facts as true, and all reasonable inferences therefrom are construed in the light most favorable to the Plaintiffs. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1198 n.2 (11th Cir. 2001). Unless noted otherwise, reference to the facts of the case are as alleged by the Plaintiffs.

Rica is a holding company whose principal asset is Corporacion Pipasa, S.A. ("Pipasa"), which markets itself as the largest poultry producer in Costa Rica. However, Rica was previously traded on the American Stock Exchange, and it is incorporated in Nevada. Immediately prior to the time of the alleged misrepresentations in this case, Rica had listed Miami, Florida as its "principal executive offices" in its filings with the Securities and Exchange Commission. *See, e.g., Rica Foods, Inc.'s Form 10-K*, filed Jan. 16, 2001, pg 1. However, Rica has since moved its headquarters to Costa Rica. *See, e.g., Rica Foods, Inc.'s Form 8-K/A*, filed Feb. 6, 2006, pg 1 (listing Heredia, Costa Rica as Rica's "principal executive offices").[2]

Plaintiffs originally filed this suit on March 21, 2006, alleging negligent and fraudulent misrepresentation under Florida law as well as securities fraud under both Florida and federal law (D.E. #1).[3] All of those claims were dismissed with prejudice by this Court on April 6, 2007 (D.E. #104). On appeal, the Eleventh Circuit upheld that ruling as to the federal and state securities fraud claims, but reversed as to the state law fraudulent and negligent misrepresentation claims (D.E. #118). Plaintiffs were then given the opportunity to amend their complaint. Plaintiffs filed the TAC on July 7, 2008 (D.E. #124). On July 29, 2008, Defendants filed the instant Motion to Dismiss, which is now ripe for resolution.

## II.     *FORUM NON CONVENIENS*

The doctrine of *forum non conveniens* permits a court to decline to exercise jurisdiction when the convenience of the parties and the interests of justice weigh in favor of trying the action in an alternative forum. *See generally, Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). To obtain dismissal under the doctrine, "the moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or

---

[2] Rica asserts that it relocated its headquarters to Costa Rica on Feb. 28, 2005 and that it has consistently maintained that location as its headquarters through the present date. *See Supplemental Declaration of Gustavo Barboza Vega*, Exh. H to Defendant's Reply in Support of Defendant's Motion to Dismiss, filed Oct. 3, 2008 (D.E. #150).

[3] Plaintiffs' initial complaint listed five other defendants in addition to Rica: Calixto Chaves Zamora, Monica Chaves Zamora, Jose Pablo Chaves Zamora, Jorge Manuel Quesada, and Mauricio Marenco. However, those individuals were not served.

prejudice." *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir. 2001). In a *forum non conveniens* analysis "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co.*, 454 U.S. at 255. However, the presumption favoring a plaintiff's choice of forum "applies with less force when the plaintiff or real parties in interest are foreign." *Id.*

### A. Timing of Defendant's *Forum Non Conveniens* Argument

Before applying each element of the *forum non conveniens* analysis to the facts presented in this case, the Court will first address Plaintiffs' concern about the timing of Defendant's *forum non conveniens* argument. As Plaintiffs point out, Defendant raised the *forum non conveniens* issue for the first time over two years into this litigation.

The untimeliness of a *forum non conveniens* argument does not affect an absolute waiver of that argument. *See, e.g., Lugones v. Sandals Resorts, Inc.*, 875 F.Supp. 821, 823 (S.D.Fla. 1995) (holding that while untimeliness of a *forum non conveniens* motion could weigh against the granting of the motion, it would not affect a waiver); *Haddad v. RAV Bahamas, Ltd.*, 2008 WL 1017743 at *3 n. 3 (S.D.Fla. 2008) (holding that "timeliness of the motion [was] not an issue" even though *forum non conveniens* argument was first raised on motion to dismiss a second amended complaint after remand from the Eleventh Circuit). The Court nevertheless has considered the apparent untimeliness of this motion. However, the Court is persuaded by Defendant's argument that a motion to dismiss based on *forum non conveniens* may have been less compelling prior to the dismissal of the securities law claims. A Costa Rican court might have had difficultly applying the unfamiliar and somewhat complex U.S. and Florida securities laws. Also, the United States would have had a substantial interest in enforcing its securities laws against a publicly traded company. Therefore, while the Court has considered the timing of Defendant's motion, that consideration does not outweigh the strong private and public interests that now clearly point to proper resolution of this case in Costa Rica.

### B. Adequate and Available Alternative Forum

Plaintiffs have also argued that Costa Rica is not an available alternative forum for this case. First, Plaintiffs question the ability of Costa Rican courts to obtain personal jurisdiction over Defendant. However, both at the oral argument on this matter and in the Motion to Dismiss,

3

Defendant has represented that it would promptly accept service of process and submit to the jurisdiction of Costa Rican courts. In light of those representations and the conditions placed on this Order (*see* Section IV, *supra*), this Court believes that Costa Rica will have personal jurisdiction over Defendant. *See Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996) ("Here the defendants agreed to submit to the jurisdiction of an alternative forum (in France), rendering that forum available.").

Plaintiffs have also argued that Costa Rica is not an available forum because a Costa Rican court might use article 31 of the Costa Rican Code of Civil Procedure to refuse to hear a case that has been dismissed by a U.S. court on *forum non conveniens* grounds. Article 31 states that "[i]f there were two or more courts with jurisdiction for one case, it will be tried by the one who heard it first at plaintiff's request." Defendant has submitted expert testimony which claims that article 31 was intended to apply only domestically within Costa Rica to give plaintiffs the ability to pick their desired venue within that country. However, at least one U.S. district court has refused to dismiss a case on *forum non conveniens* grounds, based partly on a concern that Costa Rican courts have, on occasion, applied article 31 to cases that were dismissed by U.S. courts. *See Canales Martinez, et al. v. Dow Chemical Co., et al.*, 219 F.Supp.2d 719, 728-29 (E.D.La. 2002) (citing *Abarca v. Dow Chemical Co.*, which a Costa Rican court dismissed based on the principle that the plaintiffs' desire for a U.S. forum should have been respected). Although the reasoning in *Canales Martinez* has been called into question, *see Morales v. Ford Motor Co.*, 313 F.Supp.2d 672, 676 n.3 (S.D.Tex. 2004), this Court believes that even if article 31 would allow Costa Rican courts to refuse to hear certain cases that have been dismissed in the United States on *forum non conveniens* grounds, the instant case is one that the Costa Rican courts would want to resolve and would be best suited to resolve. Unlike the defendant in *Canales Martinez* (which was the U.S.-based Dow Chemical Company), Defendant in this case is headquartered in Costa Rica, and its underlying business is a major Costa Rican poultry producer. As further discussed below, Costa Rica's interest in resolving this matter is quite clear.

Furthermore, the Eleventh Circuit recently held in *Tingle v. Banks* that Costa Rica was both an adequate and available forum even though the case was being dismissed on *forum non conveniens* grounds. 232 Fed. Appx. 956 (11th Cir. 2007). The Eleventh Circuit did not specifically address the issue of article 31 in the *Tingle* case. However, the district court's order dismissing the

case did address the plaintiffs' allegation that Costa Rica would not be an available forum, stating: "The Defendants have agreed to submit to the Costa Rican court's jurisdiction. Therefore, the Court is convinced that they have met their burden of establishing Costa Rica as an adequate, alternative forum." *Tingle v. Banks*, 06-CV-60700, "Order Granting Defendants Lago Mar Realty, Inc. and Walter Banks' Motions to Dismiss" (D.E. #43) at *5 (S.D.Fla. Jan. 25, 2007). Based on the *Tingle* decision and the other considerations mentioned above, the Court finds that Costa Rica will provide an adequate and available forum for this case.

### C. Public and Private Interest Factors

The public and private interest factors in this case heavily favor resolution of this matter in Costa Rica.

#### 1. Private Interest Factors

The private interest factors to be considered include:

> the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Piper Aircraft Co.*, 454 U.S. at 241 n.6 (internal quotation marks omitted).

The material witnesses in this case are all Costa Rican residents who would need to travel to the United States for resolution of this case. Their primary, if not only, language is Spanish. Most of the relevant business records and other documentary evidence would also likely be in Costa Rica and would need to be translated into English. Even more importantly, because the facts in dispute in this case center primarily on conversations between Lopez and Chaves, Chaves will be a key witness. Other important witnesses may include the former defendants in this case—Monica Chaves Zamora, Jose Pablo Chaves Zamora, Jorge Manuel Quesada, and Mauricio Marenco. All of these individuals are citizens and residents of Costa Rica. This court would be unable to compel the appearance of these key witnesses, including Chaves who is no longer under the control of, or affiliated with, Rica.[4] In a case such as this involving alleged misrepresentations, the credibility of

---

[4] Indeed, Plaintiffs were apparently unable to affect service of process on Chaves and the other

the witnesses to those conversations will be of utmost importance. Consequently, a party that is unable to procure live testimony may be greatly prejudiced. Although the Court has not found Chaves or any of the other original defendants in this case to be "indispensable parties" under Fed. R. Civ. P. 19, the inability or difficulty in procuring these important witnesses or in joining these third parties as additional defendants weighs in favor of dismissal. *See id.* at 259.

Even if the Court were able to compel these witnesses to appear in this forum or if they voluntarily appeared, the cost and inconvenience to the parties and to the witnesses would be significant.[5] For example, because all of the key witnesses in this case speak Spanish as their primary or only language, interpreters would be required throughout the litigation if it proceeded in Florida.

Considering all the aforementioned factors, Defendant has shown that the private interest factors strongly favor resolution of this matter in Costa Rica.[6]

### 2. Public Interest Factors

The public interest factors to be considered include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co.*, 454 U.S. at 241 n.6 (internal quotation marks omitted).

This case is all about Costa Rican interests. There are no Florida interests. Both Plaintiffs are Costa Rican citizens. Defendant, Rica, is a holding company whose primary asset is a major Costa Rican poultry company, and Rica itself is now headquartered in Costa Rica. Costa

---

original individual defendants in this matter. Plaintiffs claim that service of process was not affected on any of those individuals because the cost to do so was prohibitive since those individuals all resided in Costa Rica.

[5] Indeed, Plaintiffs' counsel reported some undue difficulty and expense in having the Plaintiffs appear for a contemplated settlement meeting in Miami. As a result, the meeting apparently did not occur.

[6] *Cf. Sibaja, et al. v. Dow Chemical Co., et al.*, 757 F.2d 1215, 1218 n.5 (11th Cir. 1985) (affirming district court decision that private interest considerations "overwhelming[ly] weigh[ed]" in favor of dismissal under circumstances similar to the instant case where the plaintiffs, the witnesses, the evidence, and potential third party defendants were all in Costa Rica).

Rica has a strong "local interest" in resolving such a dispute between its residents. Furthermore, any financial injury sustained by Plaintiffs was presumably suffered in Costa Rica, and to the extent Plaintiffs were to prevail in this case, the judgment would have to be executed in Costa Rica, where Rica's assets appear to be located. In contrast, Florida has no substantial "local interest" in this dispute based on a series of conversations, only one of which took place during a stop-over at the Miami airport.

Moreover, although Plaintiffs have alleged violations of Florida law, given the minimal connection with Florida it appears unlikely that Florida law would properly apply in this case. Rather, it appears that Costa Rican law may be appropriately applied here. And, of course, Costa Rica's courts are best suited to apply their own law. Even if Florida law were to apply, this is not a case where a Costa Rican court would be faced with interpreting a complex Florida or U.S. securities law. Rather, this is simply a fraudulent and negligent misrepresentation case.

For the aforementioned reasons, both the private and public interest factors overwhelmingly support resolution of this matter in Plaintiffs' home forum. Accordingly, Defendant's Motion to Dismiss based on *forum non conveniens* is GRANTED, subject to the conditions laid out in Section IV below.

### III.     FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FAILURE TO JOIN AN INDISPENSABLE PARTY

Defendant's Motion also asserts that the TAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and pursuant to Fed. R. Civ. P. 19 for failure to join an indispensable party. The Motion was denied on those grounds at the hearing held October 2, 2008, for the reasons stated in open court.

### IV.     CONCLUSION

For the reasons set forth above, it is hereby

ORDERED and ADJUDGED that Defendant's Motion to Dismiss is GRANTED on the grounds of *forum non conveniens*.

Although the Court is convinced that Defendant will be subject to personal jurisdiction in Costa Rica and that resolution of this matter is obviously best suited for the courts of Costa Rica, which are not only competent but are the only courts having a real stake in this matter, in an effort to ensure a forum for resolution of this matter, the Court's dismissal of this case is condition on the following:

- Defendant subjecting itself to the jurisdiction of the Costa Rican courts for these claims.
- Defendant accepting service of process (or its equivalent) in the Costa Rican action through a representative who shall be designated within ten (10) days of the date of this Order.
- Defendant waiving all time-bar (statute of limitations) defenses as to Defendant which did not exist at the time this suit was originally filed.
- A court of Costa Rica assuming jurisdiction over these claims.

The Clerk shall mark this case as CLOSED and DENY any pending motions as moot. In the event that any of the above conditions are not met, either party may file an appropriate motion to reopen the case and proceed with the case in this Court.

DONE in Chambers, Miami, Florida, November 17, 2008.

Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record