UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20710-CIV-HUCK/O'SULLIVAN

LEONARDO LOPEZ, JIMA IBERO
AMERICA, S.A.,

       Plaintiffs,

v.

RICA FOODS, INC.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the defendant's Application for Attorney's Fees on Appeal (DE# 139), which was transferred to this Court by the Eleventh Circuit Court of Appeals. This matter was referred to the undersigned by the Honorable Paul C. Huck, United States District Judge, in accordance with 28 U.S.C. § 636(b). (DE# 197; 1/7/09) Having reviewed the applicable filings and law, the undersigned respectfully recommends that the defendant's Application for Attorney's Fees on Appeal (DE# 139) be DENIED as more fully discussed below.

## BACKGROUND

The Eleventh Circuit affirmed the Court's dismissal with prejudice (DE# 104; 4/4/07) of Counts I through III of the Second Amended Complaint ("SAC")[1] (DE# 84),

---

[1] The Second Amended Complaint was actually the fourth complaint filed by the plaintiffs prior to the appeal and remand. The four complaints were titled: 1) Complaint (DE# 1, 3/21/06); 2) Amended Complaint; 3) Amended First Amended Complaint (DE# 51, 53); and 4) Second Amended Complaint (DE# 84). After the Eleventh Circuit remanded the action to the District Court to proceed with the common law claims, the plaintiffs filed the Third Amended Complaint (DE# 124, 7/7/08).

which alleged violations of federal and state securities laws. In Count III, the plaintiffs claimed violations of Florida's securities laws pursuant to Section 517.301, Florida Statutes ("301 Claim" or "Count III"). The Eleventh Circuit reversed the Court's dismissal with prejudice of the common law claims for fraud (Count IV), negligent misrepresentation (Count V), and promissory estoppel (Count VI).

The defendant contends that it is the prevailing party due to the dismissal of Count III. Pursuant to Section 517.211(6) of the Florida Statutes, the defendant seeks attorneys' fees in the amount of $289,121.68 for appellate legal work through April 8, 2008. The Eleventh Circuit transferred the defendant's Application for Attorney's Fees on Appeal to the District Court. (DE# 139). The plaintiffs oppose the defendant's request for fees on the grounds that the defendant is not the prevailing party and that an award of fees would be unjust because the common law claims remain.

On remand, the plaintiffs filed their fifth complaint titled the "Third Amended Complaint" (hereinafter "TAC"). (DE# 124, 7/7/08). The defendant filed Rica Foods, Inc.'s Motion to Dismiss Third Amended Complaint and Memorandum of Law (DE# 127, 7/29/08). In the motion, the defendant argued that the plaintiffs failed to satisfy the pleading requirements for the common law claims and alternatively, sought dismissal on grounds of *forum non conveniens*. This Court granted the motion to dismiss on grounds of *forum non conveniens* and denied the motion to dismiss for failure to state a claim upon which relief may be granted. (DE# 183, 11/17/08). The Order Granting Defendant's Motion to Dismiss (the TAC on *forum non conveniens* grounds) contained various conditions requiring the defendant to submit to the jurisdiction of a Costa Rican court for the common law claims. Shortly thereafter, the defendant filed Defendant

Rica Foods, Inc.'s Motion for Consideration of Rica's Application for Attorneys' Fees on Appeal and to Reopen Case (DE# 184; 11/20/08).  The plaintiffs filed a response in opposition to the application for fees (DE# 185; 12/1/08); and the defendant filed its reply (DE# 186; 12/11/08).  The plaintiffs filed their Notice of Appeal of the order granting with prejudice the dismissal *on forum non conveniens* of the TAC. (DE# 187; 12/15/08).  The appeal remains pending.

## **LEGAL ANALYSIS**

The defendant contends that: 1) it is the prevailing party; 2) an award of fees would not be unjust because the defendant had to defend against several re-filed deficient securities claims; and 3) the defendant is entitled to all fees incurred on the appeal because the effort to defend the state securities claim was the same as the effort to defend the common law claims.  (Def.'s Application for Appellate Fees at pp. 10-11) (DE# 139)  The defendant relies in part on Hensley v. Eckerhart, 461 U.S. 424 (1983),  Folta v. Bolton, 493 So. 2d 440, 442 (Fla. 1986), and In re Grubbs Construction Co., 306 B.R. 372 (M.D. Fla. 2004).

In Hensley, the United States Supreme Court held that a prevailing party for purposes of awarding attorney's fees is one who "'succeed[s] on a significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit.'" Id. at 433 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)).  In Hensley, the plaintiff, who achieved partial success in a civil rights action based on 42 U.S.C. § 1988, sought fees as the prevailing party.  In Hensley, the degree of a party's success became a crucial factor in determining the proper amount of an award of

attorney's fees. In dicta in <u>Hensley</u>, the Supreme Court explained that

> [m]any civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discreet claims. Instead, the district court should focus on the significance of the overall relief obtained by the [party] in relation to the hours reasonably expended on the litigation.

424 U.S. at 435. In <u>Folta</u>, the Supreme Court of Florida held that a prevailing party must be determined claim by claim when a multiple count complaint alleges separate and distinct claims, rather than alternative theories of liability for the same wrongful conduct.

In its application, the defendant states:

> ... Rica is entitled to all of its attorneys' fees on appeal because, as set forth in the affidavit of Richard C. Lorenzo, (appended here as Exhibit "A"), the effort required by Rica's counsel to defend the case was the same as to the 301 Claim as it was to the remaining Securities Claims and the Common Law Claims. Lorenzo Aff., ¶ 9. Moreover, the legal issues related to the pleading deficiencies of each and every count of the [Second Amended Complaint] were so intertwined with one another, that it is not possible for Rica's counsel to separate the time spent as to each individual account. <u>Id</u>. (footnote 5)

(<u>Id</u>.). In footnote 5, the defendant argues that the defendant's "status as prevailing party on the 301 Claim is unaffected by the fact that the dismissal of the Common Law Claims was reversed on appeal." <u>Id</u>. at n.5 (citing <u>Folta v. Bolton</u>, 493 So. 2d 440, 442 (Fla. 1986)).

The plaintiffs argue that the defendant is not entitled to an award of reasonable attorneys' fees because 1) the defendant is not the prevailing party; and 2) an award of fees would be unjust. In support of its position, the plaintiffs assert that the defendant

4

was partially successful and that the statutory and common law claims were intertwined. The plaintiffs rely in part on Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1195 (11th Cir. 1995), and Dillon v. Axxsys Int'l, Inc., 2006 WL 3841809, *9-10 (M.D. Fla. 2006). The plaintiffs also rely on the defendant's position that it cannot separate the fees attributed to Count III because the statutory and common law claims are intertwined. (Def.'s Application for Appellate Fees p. 11) (DE# 139)

I.  **Count III (Violations of Florida's Securities Laws) Is the Only Count of the SAC That Authorizes an Award of Attorney's Fees to a Prevailing Party**

Section 517.211(6) of the Florida Statutes provides:

> In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust.

Fla. Stat. § 517.211(6) (2008).

The defendant has achieved partial success in this action. It obtained the dismissal with prejudice of the claims for statutory violations of securities laws found in Counts I, II and III of the SAC. The plaintiffs have achieved partial success thus far in this action because the Eleventh Circuit reversed the dismissal with prejudice of their common law claims for fraud, negligent misrepresentation, and promissory estoppel. The alleged misrepresentations that formed the basis of the statutory securities claims arose out of the same continuing and closely related wrongs of the alleged common law fraud claims. Upon remand and the filing of a Third Amended Complaint ("TAC"), this Court granted the defendant's motion to dismiss on *forum non conveniens* grounds only. The defendant has agreed to submit to the jurisdiction of the Costa Rican courts for those claims. (DE# 203; 3/4/09). The plaintiffs appealed the order granting with

prejudice the dismissal of the TAC on *forum non conveniens* grounds. (DE# 187; 12/15/08).  The appeal remains pending.

## II. Under Florida and Federal Law, the Determination of Prevailing Party Requires the Court to Consider Which Party Prevailed on the Significant Issues in the Action.

In Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807 (Fla. 1992), the Supreme Court of Florida agreed with the United States Supreme Court's decision in Hensley v. Eckerhart, 461 U.S. 424 (1983), that " the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." Moritz, 604 So. 2d at 810.  In Moritz, the Supreme Court of Florida explained that "the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." Id.   Approximately one year later, in Prosperi v. Code, Inc., 626 So. 2d 1360, 1363 (Fla. 1993), the Supreme Court of Florida applied the test to prevailing parties under the mechanic's lien law pursuant to Section 713.29 of the Florida Statutes and further explained that "... the trial judge must have the discretion to consider the equities and determine which party has in fact prevailed on the significant issues." Id.

Section 517.211(6) expressly provides for equitable treatment in the determination of whether to award attorney's fees.  Section 517.211(6) authorizes the Court to decline an award of fees if doing so would be "unjust." In the present action, the defendant remains exposed to liability for the common law claims.  The plaintiffs may prevail on their common law fraud and negligent misrepresentation claims.  See,

Newsom, 558 So. 2d at 1078 ("Although it was able to escape liability by virtue of its legal defenses, appellee nonetheless committed statutory fraud, and it would be unjust under the circumstances to require appellant to pay for its technical escape.").

### A. The Cases Upon Which the Defendant Relies Are Factually Distinguishable.

In addition to Hensley, the defendant relies[2] in part on Folta v. Bolton, 493 So. 2d 440 (Fla. 1986), In re Grubbs Construction Co., 306 B.R. 372 (M.D. Fla. 2004), to support its position that the statutory securities claims are separate and distinct from the common law claims. Defendant's cases are factually distinguishable. They do not involve claims based on statutory violations of securities laws. In Folta, the plaintiff filed a multi-count complaint for medical malpractice based on different acts at different times resulting in different injuries. The plaintiff asserted five claims against the hospital based on vicarious liability for the alleged negligence of the emergency room physician, the physical therapist, the x-ray technologist, the radiologist, and nurses. In Folta, the Supreme Court of Florida held that

> in a multicount medical malpractice action, where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney's fees for

---

[2]The defendants cite several cases in their application that stand for the general proposition that Section 517.211(6) authorizes fees for the prevailing party. See Piretti v. Dean Witter Reynolds, Inc., 578 So. 2d 474 (Fla. 4th DCA 1991) (affirming a judgment for all attorney's fees in favor of the prevailing defendants in an action that alleged the unlawful sale of securities in violation of Florida's securities laws); Golub v. J.W. Gant & Associates, 863 F.2d 1516 (11th Cir. 1989) (affirming the award of fees to the plaintiff pursuant to Section 517.211(6) because he prevailed against a brokerage firm on his state statutory securities claim); Arceneaux v. Merrill Lynch, Pierce, Fenner & Smith, 595 F. Supp. 171 (M.D. Fla. 1984) (parties conceded that Section 517.211(6) applied and court rejected defendant's argument that the fee application was untimely).

those fees generated in connection with that claim.

493 So. 2d at 442.

The defendant's reliance on Folta is misplaced. Unlike Folta, the omissions and affirmative misrepresentations that formed the basis of the allegations of violations of Florida's securities laws are the same as some of those alleged in the common law counts that were remanded to this Court.

Likewise, the defendant's reliance on Grubbs Construction is also misplaced. In Grubbs Construction, the subcontractor filed a claim against the general contractor and its surety's payment bond. 306 B.R. at 373. In Grubbs Construction, the complaint contained two distinct claims: 1) one for work performed; and 2) one for a revetment mat purchased for the project. The parties reached a settlement on the work performed claim and the plaintiff withdrew its claim for the revetment mat purchased. Section 255.05 of Florida's Little Miller Act provides fees to the prevailing party on a payment bond claim arising from a public construction project. The court held that the plaintiff was the prevailing party as to the work performed claim and that the surety was the prevailing party as to the revetment mat purchase claim. Unlike Grubbs Construction, the alleged claims in the present action are not separate and distinct. The misrepresentations that formed the basis of the statutory claims are the same as some of the misrepresentations that formed the basis of the common law claims.

The defendant contends that the Order on Motion to Dismiss Second Amended Complaint ("April 6, 2007 Order") (DE# 104, 4/6/07) supports its position that the common law claims are separate and distinct from claims based on the federal and Florida securities laws. See Def.'s Application for Appellate Fees at p. 7 (DE# 139);

8

Def.'s Reply at p. 5 n.4 (DE# 186;12/11/08) ("In fact, in the order dismissing the SAC, the trial court recognized that the [statutory claim] was based on series of alleged <u>material omissions</u> (D.E. 104; 6-9), whereas the Common Law Claims were based on an entirely different set of <u>affirmative representations</u>. (D.E. 104; 4-6)"). The undersigned disagrees.

    This Court's April 6, 2007 Order reveals that many of the allegations regarding the omissions and affirmative misrepresentations are the same for the statutory violations as for the common law claims in the SAC. In fact, the Court dismissed Counts I, II, and III because it found that the plaintiffs' reliance on certain alleged omissions and affirmative misrepresentations were time barred by the statute of limitations applicable to the federal and state securities violations. April 6, 2007 Order at p. 11 ("The Court reiterates, the [2000] Form 10-K was filed on January 16, 2001, thus plaintiffs may not rely on these statements as a basis for their federal claims."); April 6, 2007 Order at p. 16 ("Although the statement in the 1998 Stock Purchase Agreement, included in the 2000 Form 10-K may be misleading, the Court may not consider it when evaluating the sufficiency of Plaintiffs' pleadings because it is time-barred."); and April 6, 2007 Order p. at 27 ("... Plaintiffs may not rely on alleged misstatements made before March 21, 2001 (five years before Plaintiffs filed this action) [to allege violations of Florida's Blue Sky Law].") (DE# 104, 4/6/07)

    The Court found that

> [u]nlike the statute of limitations for the statutory securities claims discussed above, Plaintiffs may rely on these statements to allege common law misrepresentation because the date on which the statute of limitations begins to run on common law fraud claims is a question of fact, and the Court cannot at this point conclude that statements contained in

9

> Rica's 2000 report are time-barred.

Order at p. 32 (DE# 104, 4/6/07).  A review of the record reveals that the common law securities fraud claims in the SAC are based on some of the same misstatements or omissions upon which the state statutory securities fraud claims were based.

As expressly stated in the excerpts of the Order quoted above, the plaintiffs relied on Rica's 2000 Form 10-K annual report, filed with the SEC on January 16, 2001, as an affirmative misrepresentation concerning the purported "100%" ownership of Pipasa stock by Rica for the plaintiffs' federal and state statutory claims as well as their common law claims.  (DE# 104; 4/6/07; 11,16, 28)  In discussing Count III based on Florida's securities laws in the April 6, 2007 Order, the Court explained that

> [t]he allegations of Section 301 violations in the SAC are virtually the same as those allegations made with regard to the federal securities law violations.

(Id. at 28).  Under "[t]he affirmative misrepresentation" discussion addressing the common law claims, the April 6, 2007 Order explains:

> The SAC alleges two misrepresentations.  One misrepresentation, referred to by Plaintiffs as the "affirmative misrepresentation" is discussed above [in the section of the Order that addressed the federal and state statutory claims] and it concerns statements in Rica's Form 10-K report for 2000 representing that it wholly owns Pipasa free and clear of an encumbrance....

(Id. at 32)  The misrepresentation regarding Rica's "100%" ownership of Pipasa is alleged in the statutory claims as well as the common law claims.  It constitutes the same alleged wrong and does not make the common law claims separate and distinct from the statutory violations as required under Folta.   See, Hensley, 461 U.S. at 435.

10

**B.     The Cases Upon Which the Plaintiffs Rely Support the Denial of Fees.**

The plaintiffs rely in part on Davis v. Prudential Sec., Inc., 59 F.3d 1186, 1195 (11th Cir. 1995), and Dillon v. Axxsys Int'l, Inc., 2006 WL 3842809 (M.D. Fla. 2006). Both decisions analyze an award of attorneys' fees pursuant to Section 517.211(6). In Davis, the plaintiffs asserted claims for fraud, breach of fiduciary duty, and negligence as well as violations of federal and Florida securities laws. The plaintiffs appealed an order that denied an award of attorneys' fees in his favor. The defendant claimed that it was the prevailing party because Davis only received judgment in his favor on some of his claims. In Davis, the defendant also relied upon Folta. The Eleventh Circuit found that the defendant's argument based on Folta was without merit. Davis, 59 F.3d at 1195; see also Dillon v. Axxsys Int'l, Inc., 2006 WL 3842809 (M.D. Fla. 2006) (rejecting one defendant's argument that she was entitled to fees under Folta because the plaintiffs' securities claims and fraudulent transfer claim are separate and distinct).

In Davis, the Eleventh Circuit found that

> [t]his case does not involve separate and distinct claims arising from different acts resulting in different injuries as in *Folta*. Instead the [plaintiffs's] claim involves alternative theories of liability for the same wrong: the mismanagement of an investment account.

Id. Likewise, the claims asserted by the plaintiffs in the present case are alternative theories of liability for the same wrong: misrepresentations as to financial investments in Rica. Thus far, the defendant has achieved a technical victory, that is, the affirmed dismissal with prejudice of claims based on misstatements that are time-barred by the applicable statute of limitations of the federal and state securities laws. Those same misstatements, however, may not be time-barred under the common law state claims.

11

In the present action, the Eleventh Circuit reversed the dismissal of the common law fraud and negligent misrepresentation claims because it found that the common law counts were pled sufficiently. As in <u>Davis</u>, the present action involves alternative theories of recovery for the same wrong involving securities investments – not separate and distinct causes of action based on separate wrongs as in <u>Folta</u>.

Similarly, in <u>Dillon</u>, the Court found that the securities claims and the fraudulent transfer claims were interrelated so that one defendant could not be considered a prevailing party under Section 517.211(6). In <u>Dillon</u>, the defendant argued that the fraudulent transfer claim was separate and distinct from the state securities claim. The <u>Dillon</u> court rejected the defendant's argument and found that "all claims arose out of the same continuing and closely related wrongs." <u>Dillon</u>, 2006 WL 3842809 at *10. The court determined that the plaintiffs were creditors of certain defendants within the meaning of the Uniform Fraudulent Transfer Act and explained:

> [b]ased on fraudulent representations about the business and its assets, the plaintiffs invested over $1 million dollars in this company. These fraudulent misrepresentations induced the plaintiffs into investing into this company. Within months of this investment, the company went under; the money disappeared and the plaintiffs lost their investment. The jury found that the plaintiffs were fraudulently induced into investing in this corporation. By virtue of such, the plaintiffs clearly became "creditors" as defined in the statute.

<u>Id</u>.

The <u>Dillon</u> court concluded that "[t]hese circumstances appear sufficient to make the securities claims and the fraudulent transfer claims interrelated so that [the defendant] cannot be considered a prevailing party under § 517.211(6), Fla. Stat." <u>Id</u>. In dicta, the court explained that "... even if, as [the defendant] contends, the claims are

12

separate and distinct so that she could be a prevailing party, [it] would still recommend against the award of attorneys' fees on the ground that such an award would be unjust." Id.; see Newsom v. Dean Witter Reynolds, Inc., 558 So. 2d 1076, 1077 (Fla. 4th DCA 1990) (holding that broker was not entitled to an award of fees under Section 517.211(6) despite prevailing on his statute of limitations defense to securities violations).

The defendant's attempt to distinguish Davis and Dillon on the ground that the decisions do not identify or otherwise discuss the claims is unavailing. See Def.'s Reply at p. 6 n.5 (DE# 186;12/11/08). Both Davis and Dillon are apposite to the present action in that they address the prevailing party determination in the context of Section 517.211(6) for claims based on violations of Florida's securities laws. The cases cited by the defendant do not.

### III. Conclusion

In the present case, the defendant remains exposed to liability for common law fraud and negligent misrepresentation based on some of the same and other misstatements as those that were alleged against it in the statutory securities fraud claims. Under the circumstances, the undersigned is unable to find that the defendant has in fact prevailed on the significant issues as required by federal and Florida law. See Hensley, 461 U.S. 424 and Moritz, 604 So. 2d at 810. The undersigned finds that an award of fees would be unjust. See Fla. Stat. § 517.211(6) (2008); see also Davis, 59 F.3d at 1195; Dillon, 2006 WL 3842809 at *10; and Newsom, 558 So. 2d at 1078.

**RECOMMENDATION**

In accordance with the foregoing, it is hereby

**RESPECTFULLY RECOMMENDED** that the defendant's Application for Attorney's Fees on Appeal (DE# 139) be **DENIED.**

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *See* LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *See also*, RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida this **24th** day of March, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Huck
All counsel of record